Mr. Justice O’Neali.
delivered the opinion of the court.
In two points of view, the law of this case is against the plaintiff. The intestate was in possession under Swift the original owner, and the plaintiff’s ces iiiique trust, it is proved by the witness, Sarah Ford, that the negro was not in his (Churr’s) possession by the consent of the plaintiff. If this be true, and it must here be so regarded, the defendant’s intestate was in possession against the plaintiff’s title. In such a state of things there is no privity between the parties, which will enable the court to imply a contract of hiring. For the party holding possession, claims in his own right, which is an adverse possession according to all the cases. If the possession had not been adverse, then the tort might have been waived, and an implied contract might have been raised. As when, one possesses himself of my property, by claiming to act for me, or by finding, in each of these cases, from the use of the property, an implied promise to pay the value of the hire, may be raised. But legal implications are nothing more than presumptions, intended to effect what is just and right. Whenever, from the relative legal position of the parties, no obligation of right could exist in favor of one and against the other, there can be no implication of law to sustain a promise. In a case of adverse possession, there is a denial of right which negatives at once a promise to pay rent or hire, This is sustained by our own well considered case of Bryan vs. the administrator of Marsh. 2 Nott and M‘Cord, 156.
But another view is equally fatal to the plaintiff’s case. The deed conveys the slave to the plaintiff, upon the trusts, first, that tha grantor and his wife during their joint lives, should be permitted by the trustee to have, use, possess, and enjoy, the profits, hire, labor, and services, of the said slave, not subject to the debts or contracts of the said grantor and his wife : in case the wife should survive, then to her for life ; but if the husband, the grantor, should survive, then to him for life ; and after the death of both, to the use of the children of the marriage. This deed, it must be observed, is post nuptial, and conveys the property to the uso of the grantor, which would make it void against the creditors of the husband, either existing or subsequent. This would be enough for the defendant; for his intestate’s possession arose from the grantor’s indebtedness to him. But I am not disposed to rest the case upon it. I hold that the trust was executed in the husband at least for his life. For according to the deed, he was entitled to the possession of the slave : living this, he had both the legal and equitable estate for his life. *284 For the trustee had nothing to do with it during this time : he had delivered the slave to one who was under no legal disability : this was equivalent to a conveyance to him tor the time he was to possess it. For the condition annexed to the trust, not to be subject to the debts or contracts of the husband and wife, is void. The husband having thus both the legal and equitable estate, could transfer it, which he did to Churr. In Swan vs. Ligan and Rudd, 1 M'Cord, 227, when a slave had been conveyed to a trustee, in trust for the use of husband and wife, for life, to the use of the wife sur-riving, and after her death to the use of the children of the marriage, it was was held, that on delivery of the property to the wife, after she was discovert, was an execution of the trust i and that the remainderman might maintain a bill for the property, without making the trustee a party. In Porcher vs. Gist, decided by the Court of Appeals, at this place, in the spring of 1832, and Clancy vs. Allen, 1 Hill’s Chancery Reports, when property was settled to the use of husband and wife for life : to the use of the survivor for life, and after the death of the survivor, to the use of the children of the marriage, the wife survived, and had the property in possession; it was held, in the first case, that it was hable in execution for her debts ; and in the second, for the debts of the second husband, to the extent of the life estate of the wife. The same principle of Jaw is maintained by Jones vs. Cole, 2d Bailey, 230, in which it was hold that remaindermen, after the death of a tenant for life, un-tier a deed of trust to the use of their mother for life, and then to them in remainder, could in their own right maintain trover. Ac-©ording to these authorities, the use in favor of the husband was executed, and during his life, he, or his assignee, has the right to the possession against the plaintiff, the trustee. It was conceded that Swift, the grantor and husband, was still alive ; U therefore follows, that the plaintiff can have now no right to demand hire from Churr, to whom his ces tuique trust (Swift) conveyed the slave.
The motion for a nonsuit is granted.
JOHN B. O’NEALL.